IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| BRYANT ROBERTS<br>2205 Wheatley Dr.<br>Apt. 301<br>Baltimore, MD<br>21207<br>For himself and on behalf<br>of all similarly situated individuals,<br><br>         Plaintiff,<br><br>      - Versus -<br><br>COMCAST CORPORATION<br>D/B/A/ COMCAST CABLE<br>COMMUNICATIONS MANAGEMENT,<br>LLC.<br>1701 JOHN F. KENNEDY BLVD.<br>PHILADELPHIA, PA 19103<br>*Serve Upon*: Resident Agent<br>THE CORPORATION TRUST<br>INCORPORATED<br>300 E Lombard St.<br>BALTIMORE, MD 21202<br><br>      -and -<br><br><br>VITEL COMMUNICATIONS LLC<br>1209 ORANGE STREET<br>WILMINGTON, DE 19807<br>*Serve Upon*: Resident Agent<br>CSC-LAWYERS INCORPORATING<br>SERVICE COMPANY<br>7 ST. PAUL STREET, SUITE 1660<br>BALTIMORE, MD 21202<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No.: _____<br><br>**FLSA Collective Action**<br><br>    **- and -**<br><br><br>**Rule 23 Class Action**<br><br>**JURY TRIAL DEMAND** |

## PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff on his own behalf and on behalf of all similarly situated employees ("Putative Plaintiffs"), by their undersigned counsel, bring this Complaint against Comcast Corporation d/b/a Comcast Cable Communications Management, LLC ("Comcast"); Vitel Communications, LLC. ("Vitel"), (collectively "Defendants") and in support thereof state as follows:

### NATURE OF ACTION

The Defendants jointly, severally and/or individually maintain a common policy, practice or scheme that unlawfully deprives Plaintiffs and all similarly situated employees of their wages for all suffered and permitted work throughout the United States in violation of the Fair Labor Standards Act and various state wage and hour laws.

### FACTUAL BACKGROUND

1.      Comcast is the nation's leading provider of cable, entertainment and communications products and services, with 24.2 million cable customers, 14.9 million high-speed Internet customers and 6.5 million voice customers. Comcast serves customers in 39 states and the District of Columbia.

2.      Vitel is a third party contractors engaged by Comcast to provide cable installation, maintenance and repair services to its more than 24 million customers located throughout the United States, including Maryland.

3.      At all times relevant to this controversy each of the Defendants was acting jointly, severally and/or individually for their collective interests and benefit in relation to the work that was suffered and permitted by the Plaintiff and the Putative Plaintiffs. The Plaintiff and the Putative Plaintiffs were engaged by Defendants to work either as independent contractors or as non-exempt employees on a "piece rate" basis. In either instance, Defendants systematically denied Plaintiff and the

2

Putative Plaintiffs overtime compensation as well as other employment benefits. In each of the 39 states and the District of Columbia, Comcast utilizes third party contractors on the same or similar basis that it engages Vitel.

## JURISDICTION AND VENUE

4.      Jurisdiction is vested in the Court pursuant to 28 U.S.C. §1331 and the Fair Labor Standards Act, 29 U.S.C. §201 et seq.

5.      The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, which allows jurisdiction over pendant parties and pendant claims.

6.      Plaintiff's forum selection is proper pursuant to 28 U.S.C. §1391(b) since Plaintiff and members of the Putative Plaintiffs residing or working in the State of Maryland have been harmed by the conduct of Defendants occurring in this District. Defendants also maintain business operations in this District and many of the relevant witnesses and documents are easily accessible to this District. The Court is an appropriate venue and forum for this controversy.

## THE PARTIES

7.      The Plaintiff is a residents of the State of Maryland and has at all times relevant to this controversy worked for Defendants installing, maintaining or repairing Comcast cable and internet services at various customer locations within and beyond the borders of the state of Maryland.

8.      **Comcast** is a corporation organized under the laws of the State of Delaware. Comcast is the nation's leading provider of cable, entertainment and communications products and services, with 24.2 million cable customers, 14.9 million high-speed Internet customers and 6.5 million voice customers. Comcast serves customers in 39 states and the District of Columbia.

9.      **Vitel** is a limited liability company organized under the laws of the State of Delaware,

engaged in the business of providing television cable and internet service installation, maintenance, and

other services. Vitel provides installation services to Comcast customers including those customers

located in the state of Maryland, Pennsylvania, Georgia, Michigan, New Jersey, California, and Texas[1].

## **FACTUAL ALLEGATIONS**

10.     At all times relevant to this controversy, Comcast was acting in the direct interests of the

Defendants and likewise each and every of the Defendants were acting in the direct interests of

Comcast.

11.     At all times relevant to this controversy each and every of the Defendants have provided

installation, maintenance, repair and other ancillary services to Comcast customers throughout the

United States including Maryland, Pennsylvania, Georgia, Michigan, New Jersey, California, and Texas.

12.     The Defendants' service technicians go to the homes of Comcast's customers to install,

maintain or repair Comcast services.

13.     Plaintiff and the Putative Plaintiffs' work as service technicians is an integral and

indispensable feature of the Defendants' businesses.

14.     Plaintiff and the Putative Plaintiffs have the same or similar duties as the service

technicians employed by Defendants throughout the United States.

15.     Comcast directs its customers' work orders to each of the Defendants.

16.     Plaintiff and the Putative Plaintiffs fill the work orders assigned to them by any of the

Defendants according to the instruction, direction and oversight of Comcast.

17.     The Defendants are all engaged in the same industry and core business.

---

[1] *See* http://www.vitel-llc.com/ and http://www.vitel-llc.com/about/map.html.

18.     Vehicles used by Plaintiff and the Putative Plaintiffs display signs associating said vehicle with Comcast.

19.     Plaintiff and the Putative Plaintiffs wear trade dress and display identification associating them with Comcast.

20.     Plaintiff and the Putative Plaintiffs take instruction, orders and direction during the course of the day from Comcast employees and when needing technical assistance or authorization they are required to contact Comcast.

21.     Comcast provides Defendants with the equipment and supplies needed to render services to its customers.

22.     The services and function of Comcast are completely associated with the services and functions of the other Defendants.

23.     Comcast customers lodge their complaints concerning the services rendered by Plaintiff or the Putative Plaintiffs directly with Comcast.

24.     Comcast has the authority to hire and fire Plaintiff or Putative Plaintiffs that are ostensibly employed by the other Defendants.

25.     Each and every one of the Defendants is aware that Plaintiff and the Putative Plaintiffs routinely work more than forty-hours a week completing their assigned work.

26.     Each and every one of the Defendants fails to pay the Plaintiffs and the Putative Plaintiffs full and complete wages for all suffered and permitted work.

27.     Upon information and belief there are other third party contractors, whose identity can be obtained through discovery, that contract with Comcast throughout the United States for cable installation, maintenance, repair and ancillary services.

## THE FLSA RULE 216(B) COLLECTIVE

28.   Plaintiff and the Putative Plaintiffs are victims of Defendants' common scheme, practice and policy aimed at depriving them of federal and state statutorily mandated wages for all suffered and permitted work, particularly the failure to pay overtime.

29.   Plaintiff and the Putative Plaintiffs are or were employed by Defendants doing the same or similar job functions/duties.

30.   The Plaintiff Collective is comprised of all those individuals who have worked for any of the Defendants installing, maintaining, repairing or providing ancillary services to Comcast customers anywhere in the United States.

31.   The Plaintiff Collective is represented by Plaintiff.

32.   Neither Plaintiff nor the Putative Plaintiffs are independent contractors.

33.   Plaintiff and the Putative Plaintiffs have regularly worked through their breaks without compensation for their time.

34.   Plaintiff and the Putative Plaintiffs regularly travel between job locations without compensation for their time.

35.   It is a common question for Plaintiff and the Putative Plaintiffs whether the actions of Defendants are illegal under the Fair Labor Standards Act.

36.   It is a common question for Plaintiff and the Putative Plaintiffs whether Defendants have made good faith efforts to comply with the Fair Labor Standards Act.

37.   It is a common question for Plaintiff and the Putative Plaintiffs whether Defendants have willfully or recklessly disregarded the Fair Labor Standards Act.

## THE THIRD PARTY CONTRACTORS RULE 23 CLASS

38.     Vitel is a "Third Party Contractor" engaged by Comcast to provide cable installation, maintenance and repair services to its more than 24 million customers located throughout the United States, including Maryland.

39.     The members of the "Third Party Contractors Class" are all current and former Comcast and Third Party Contractor employees who did not receive all compensation due for suffered and permitted work expended in the installation, maintenance, repair and ancillary services rendered to Comcast customers in the state of Maryland since April 2006.

40.     Plaintiff is a member of the Third Party Contractors Class.

41.     Plaintiff and members of the Third Party Contractors Class all have been harmed by a common scheme, practice or policy carried out by Third Party Contractors and Comcast.

42.     The members of the Third Party Contractors Class rendering installation, maintenance, repair and ancillary services to Comcast customers in the state of Maryland have job duties/functions that are typical of the job functions/duties carried out by Plaintiffs.

43.     Plaintiff and the members of the Third Party Contractors Class are not independent contractors.

44.     Plaintiff and members of the Third Party Contractors Class worked and/or work through their breaks and travel between job locations without compensation for their time spent doing these job related activities.

45.     It is a common question for Plaintiff and the members of the Third Party Contractors Class whether the actions of the Third Party Contractors and Comcast were illegal under the Maryland Wage and Hour Law and/or the Maryland Wage Payment Collection Law.

46.     It is a common question for Plaintiff and members of the Third Party Contractors Class whether the actions of the Third Party Contractors and Comcast were illegal under Maryland law.

47.     It is a common question for Plaintiff and the members of the Third Party Contractors Class whether the Third Party Contractors and Comcast made good faith efforts to comply with the Maryland Wage and Hour Law and/or the Maryland Wage Payment Collection Law.

48.     It is a common question for Plaintiff and the members of the Third Party Contractors Class whether the Third Party Contractors and Comcast willfully or recklessly disregarded the Maryland Wage and Hour Law and/or the Maryland Wage Payment Collection Law.

## ESTOPPEL FROM PLEADING AND TOLLING
## OF APPLICABLE STATUTES OF LIMITATIONS

49.     Any applicable statute of limitations that might otherwise bar Plaintiff's and Putative Plaintiffs' claims should be tolled because Plaintiffs and the Putative Plaintiffs exercised all due diligence that would reasonably be expected of employees who were not put on notice of their statutory and common law employment rights.

50.     Defendants' whose obligation it is to post-notices and to otherwise inform Plaintiff and the Putative Plaintiffs of their rights under the FLSA, MWHL and MWPCL breached their duty by failing to properly inform and compensate these employees.

51.     Defendants had knowledge of their legal obligations to Plaintiff and Putative Plaintiffs but willfully and in bad faith chose to conceal these legal entitlements. Therefore Defendants are estopped from relying on any statutes of limitation because of their acts of fraudulent concealment.

52.     Defendants are estopped from relying on any statutes of limitations that might otherwise be applicable to the claims asserted herein, because of Defendants' failure to disclose and put the

8

Plaintiff and the Putative Plaintiffs on notice that they were entitled to statutory and common law benefits.

## COUNT I
## FLSA CLAIM FOR UNPAID WAGES

53.     Plaintiff and the Putative Plaintiffs hereby re-allege and incorporate each of the preceding paragraphs as if fully set-forth herein.

54.     The Plaintiff and the Putative Plaintiffs were at all times employees within the meaning of the FLSA.

55.     Plaintiff and the Putative Plaintiffs having worked more than forty-hours a week are entitled to FLSA mandated overtime compensation.

56.     Plaintiff and the Putative Plaintiffs are entitled to FLSA mandated compensation for time spent getting ready to work, time spent on call, or time that otherwise constitutes suffered and permitted work benefitting Defendants.

57.     Defendants have not paid Plaintiff and the Putative Plaintiffs their full wages as mandated by the FLSA.

58.     Defendants' violation of the FLSA is willful.

59.     Plaintiff and the Putative Plaintiffs have suffered pecuniary losses and are entitled to full recovery pursuant to the FLSA.

## COUNT II
## MARYLAND WAGE AND HOUR LAW CLAIM FOR UNPAID WAGES

60.     Plaintiff hereby re-alleges and incorporate each of the preceding paragraphs as if fully set-forth herein.

61.    Plaintiff and the Third Party Contractors Class having worked more than forty-hours a week are entitled to MWHL mandated overtime compensation.

62.    Plaintiff and the Third Party Contractors Class are entitled to compensation for time spent getting ready to work, time spent on call, or time otherwise suffered and permitted as work benefitting Defendants.

63.    Defendants have not paid Plaintiff and the Third Party Contractors Class their full wages as mandated by the MWHL.

64.    Defendants' violation of the MWHL is willful.

65.    Plaintiff and the Third Party Contractors Class have suffered pecuniary losses and are entitled to full recovery pursuant to the MWHL.

**COUNT III**
**MARYLAND WAGE PAYMENT AND**
**COLLECTION LAW CLAIM FOR UNPAID WAGES**

66.    Plaintiff hereby re-alleges and incorporate each of the preceding paragraphs as if fully set-forth herein.

67.    Plaintiff and the Third Party Contractors Class are entitled to compensation for time spent getting ready to work, time spent on call, or time otherwise suffered and permitted as work benefitting Defendants.

68.    Defendants have not paid Plaintiff and the Third Party Contractors Class their full wages as mandated by the MWPCL.

69.    Defendants' violation of the MWPCL is willful.

70.    Plaintiff and the Third Party Contractors Class have suffered pecuniary losses and are entitled to full recovery pursuant to the MWPCL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court render judgment in their favor on all counts, and grant the following relief as to Plaintiff and as on a Collective and Class-wide basis to each putative Plaintiff:

1. Issue a notice of opt-in rights to the unnamed plaintiffs and managing the opt-in proceedings as a collective action pursuant to 29 U.S.C. §216(b);

2. Order that this action proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

3. Issue a declaratory judgment that Plaintiff is entitled to additional compensation pursuant to the FLSA;

4. Issue a declaratory judgment that Plaintiff was harmed by Defendants' violation of the FLSA;

5. Award Plaintiff and the Putative Plaintiffs compensation in an amount consistent with their entitlement under the FLSA;

6. Award Plaintiff and the Putative Plaintiffs additional compensation in the form of FLSA mandated liquidated damages;

7. Award Plaintiff and the Putative Plaintiffs the cost of these proceedings and reasonable attorneys' fees as mandated by the FLSA;

8. Issue a declaratory judgment that Plaintiff is entitled to additional compensation pursuant to the MWHL;

9. Issue a declaratory judgment that Plaintiff was harmed by Defendants' violation of the MWHL;

10. Award Plaintiff and the Third Party Contractors Class compensation in an amount consistent with their entitlement under the MWHL;

11. Award Plaintiff and the Third Party Contractors Class additional compensation in the form of MWHL mandated liquidated damages;

12. Award Plaintiff and the Third Party Contractors Class the cost of these proceedings and reasonable attorneys' fees as mandated by the MWHL;

13. Issue a declaratory judgment that Plaintiff and the Third Party Contractors Class are entitled to additional compensation pursuant to the MWPCL;

14. Issue a declaratory judgment that Plaintiff and the Third Party Contractors Class were harmed by Defendants violation of the MWPCL;

15. Award Plaintiff and the Third Party Contractors Class the Putative Plaintiffs compensation in an amount consistent with their entitlement under the MWPCL;

16. Award Plaintiff and the Third Party Contractors Class the Putative Plaintiffs additional compensation in the form of MWPCL mandated liquidated damages;

17. Award Plaintiff and the Third Party Contractors Class the cost of these proceedings and reasonable attorneys' fees as mandated by the MWPCL;

18. Award Plaintiff and the Third Party Contractors Class additional compensation in the form of MWPCL mandated treble damages;

19. Award Plaintiff and the putative Plaintiffs any amounts necessary to compensate them for breach of contract;

20. Award Plaintiff and the putative Plaintiffs any amounts necessary to compensate them for Defendant's unjust enrichment;

21. Award Plaintiff and the putative Plaintiffs pre-and post-judgment interest and court costs as further allowed by law and equity;

12

22. Award Plaintiff and the putative Plaintiffs compensation in an amount consistent with their compensatory and punitive damages under Maryland law; and

23. Grant any further relief as this Court may deem just and proper in the interest of justice.

### JURY TRIAL DEMANDED

Plaintiff request a trial by jury on all matters so triable.

_____
One of The Attorneys For Plaintiff

Respectfully submitted,

_____
Michael J. Snider, Esq. #24695
Allan E. Feldman, Esq. #17092
Snider & Associates, LLC
104 Church Lane, Suite 100
Baltimore, Maryland 21209
410-653-9060 phone
410-653-9061 fax

_____
Andreas N. Akaras, Esquire #14290
The Akaras Law Offices
4423 Lehigh Road, #308
College Park, MD 20740
Telephone: (301) 864-7763
Facsimile: (866) 838-5556

_____
Gary E. Mason, Esquire
Nicholas A. Migliaccio, Esquire
The Mason Law Firm, L.L.P.
1225 19th Street, NW, Suite 500
Washington, D.C. 20038
Telephone:  (202) 429-2290
Facsimile:  (202) 429-2294

Attorneys For Plaintiff

13