IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| BRYANT ROBERTS<br>2205 WHEATLEY DRIVE,Apt.301<br>BALTIMORE, MD 21207<br>For himself and on behalf<br>of all similarly situated individuals,<br><br>Plaintiff,<br><br>- Versus -<br><br>VITEL COMMUNICATIONS LLC<br>1209 ORANGE STREET<br>WILMINGTON, DE 19807<br><br>- and –<br><br>JNET COMMUNICATIONS LLC<br>25 INDEPENDENCE BLVD., STE. 103<br>WARREN, NEW JERSEY 07059<br><br>Defendants. | Case No.: 1:09-cv-01539-JFM<br><br>**AMENED COMPLAINT**<br><br>**FLSA Collective Action**<br><br>**- and -**<br><br>**Rule 23 Class Action**<br><br>**JURY TRIAL DEMAND** |

**PLAINTIFF'S AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Bryant Roberts, on his own behalf and on behalf of all similarly situated employees, by his undersigned counsel, brings this action against VITEL COMMUNICATIONS LLC ("VITEL") and its parent JNET COMMUNICATIONS ("JNET") (collectively "Defendants"), and in support thereof states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction is vested in the Court pursuant to 28 U.S.C. §1331 and the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*

2. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, which allows jurisdiction over pendant parties and pendant claims.

3. Plaintiff's forum selection is permissible under 28 U.S.C. §1391(b).[1]

## THE PARTIES

4. At all times relevant to this action, Plaintiff Bryant Roberts ("Roberts") has been an employee of Defendants and has resided in the state of Maryland. Roberts worked for Defendants installing, maintaining, or repairing cable and internet services at various locations throughout and about the state of Maryland.

5. VITEL, formerly known as LDW, was founded in 1981 and now operates as a division and/or subsidiary of JNET. VITEL provides first- and second-tier technical support for repair and installation services and is a leading provider of installation and construction services to the cable industry, including residential set top box and high-speed data modem installation, multiple dwelling unit ("MDU") construction, and "customer save" programs. Over the last 23 years, VITEL has installed cable in more than one million households. VITEL works with Comcast, Cablevision, Adelphia, Cox, Time Warner, and Charter Communications. VITEL's business operations are directed from JNET headquarters, located in New Jersey. VITEL provides cable installation services in about 15 states, and is positioned to become the number two installation company in the cable industry.

6. JNET is a certified Minority, Woman, Disabled Veteran Business Enterprise that is headquartered in Warren, New Jersey. JNET was established in 2003 by David Jefferson, a former senior executive of Comcast Corporation and AT&T Corporation.

---

[1] Plaintiff intends to file a motion to transfer this action to the District of New Jersey.

**FACTUAL BACKGROUND**
**THE COLLECTIVE AND CLASS ELEMENTS OF PLAINTIFF'S CLAIMS**

8. VITEL's human resources' policies and payroll practices are directed, controlled, and managed by JNET executives.

9. Defendants engaged Plaintiff and the Putative Plaintiffs to provide onsite installation, repair, and maintenance services to cable and broadband subscribers in furtherance of the contractual relationships they maintained with various cable broadband companies.

10. Plaintiff Roberts was hired by Defendants to work as a Cable Technician, installing, repairing, and maintaining cable and broadband services.

11. Other employees, who have been, and are, employed by Defendants, are similarly situated to Plaintiff Roberts ("Putative Plaintiffs").

12. While employed by Defendants, Roberts and the Putative Plaintiffs worked in excess of 40 hours per work week.

13. Defendants failed to properly compensate Plaintiff and the Putative Plaintiffs for their "suffered and permitted" hours worked, including the failure to pay them an overtime premium.

14. Defendants were aware of the fact that Plaintiff and the Putative Plaintiffs worked more than 40 hours per work week.

15. Plaintiff and the Putative Plaintiffs were not employed by Defendants as independent contractors.

16. The hours worked by Plaintiff and the Putative Plaintiffs were maintained and recorded by Defendants.

17. Defendants failed to monitor the break time taken by Plaintiff and the Putative Plaintiffs, and did not properly compensate them for the time they have spent working through their break periods.

18. Plaintiff and the Putative Plaintiffs are each victims of Defendants' common scheme, practice, and policy, which work to deprive them of federal and state statutorily mandated wages, including the payment of a premium for overtime hours worked.

19. Plaintiff's work as a Cable Technician is similar to, and typical of, to the job duties of the Putative Plaintiffs.

20. The question of whether Defendants violated the Fair Labor Standards Act and the Maryland Wage and Hour Law and/or the Maryland Wage Payment Collection Law is one that is common to Plaintiff and the Putative Plaintiffs.

21. The question of whether Defendants made good faith efforts to comply with the Fair Labor Standards Act and the Maryland Wage and Hour Law and/or the Maryland Wage Payment Collection Law is one that is common to Plaintiffs and the Putative Plaintiffs.

22. The question of whether Defendants willfully or recklessly disregarded the Fair Labor Standards Act and the Maryland Wage and Hour Law and/or the Maryland Wage Payment Collection Law is one that is common to Plaintiffs and the Putative Plaintiffs.

23. VITEL is the subject of several wage and hour investigations that have been brought by the U.S. Department of Labor ("DOL") relating to the unlawful compensation schemes Defendants use to compensate Cable Technicians, like Plaintiff and the Putative Plaintiffs.

24. The DOL has investigated VITEL for its unlawful practice of paying Cable Technicians a "pseudo bonus" as a means by which it has avoided paying FLSA mandated overtime.

25. Defendants paid Plaintiff Roberts a minimum wage of $6.55/hr for 40 hours, and then paid him time-and-a-half at $9.82 for the hours he worked in excess of 40. Then, an additional bonus payment was made to make up for the difference of what should have been paid at the piece work rate.

As a result of this compensation scheme, Plaintiff was never paid his proper hourly rate, nor was he paid his proper premium for overtime hours worked.

26. Defendants have admitted that the payment practices used to compensate Plaintiff Roberts are representative of Defendants' companywide compensation practices, and thus constitute the same compensation scheme used with respect to the Putative Plaintiffs.

## ESTOPPEL AND TOLLING OF THE STATUTES OF LIMITATIONS

27. Defendants failed to post notices, and willfully denied Plaintiff and the Putative Plaintiffs their "civil rights" emanating from the FLSA, MWHL, and MWPCL.

28. Defendants knew, and were legally obligated to know, how the FLSA, MWHL, and MWPCL applied to Plaintiff and Putative Plaintiffs.

29. Defendants are estopped from relying on any statutes of limitations, because they failed to disclose to Plaintiff and the Putative Plaintiffs that they were entitled to benefits as a matter of law and equity.

30. Any statute of limitations affecting Plaintiff's and the Putative Plaintiffs' claims should be tolled, since Plaintiff and the Putative Plaintiffs exercised reasonable due diligence by looking to their employer for honest and legally mandated disclosure of their statutory and common law employment rights.

## COUNT I
## COLLECTIVE ACTION CLAIM FOR
## FAILURE TO PAY OVERTIME

31. Plaintiff hereby re-alleges and incorporates each of the preceding paragraphs as if fully set-forth herein.

28. Plaintiff and the Putative Plaintiffs were at all times employees within the meaning of the FLSA.

29. Plaintiff and the Putative Plaintiffs worked more than forty hours in a work week and are entitled to FLSA- mandated overtime compensation.

30. Plaintiff and the Putative Plaintiffs are entitled to FLSA-mandated compensation for time spent getting ready to work, time spent on call, or time otherwise committed to Defendants.

31. Defendants have not paid Plaintiff and the Putative Plaintiffs their full wages as mandated by the FLSA.

32. Defendants' violation of the FLSA is willful.

33. Plaintiff and the Putative Plaintiffs have suffered pecuniary losses and are entitled to full recovery under the FLSA.

## COUNT II
## CLASS ACTION CLAIM FOR FAILURE TO PAY
## OVERTIME UNDER MARYLAND WAGE AND HOUR LAW

34. Plaintiff hereby re-alleges and incorporates each of the preceding paragraphs as if fully set-forth herein.

35. Plaintiff and the Putative Plaintiffs have worked more than forty hours in a work week and are entitled to MWHL- mandated overtime compensation.

36. Plaintiff and the Putative Plaintiffs are entitled to compensation for time spent getting ready to work, time spent on call, or time otherwise committed to Defendants.

37. Defendants have not paid Plaintiff and the Putative Plaintiffs their full wages as mandated by the MWHL.

38. Defendants' violation of the MWHL is willful.

39. Plaintiff and the Putative Plaintiffs have suffered pecuniary losses and are entitled to full recovery pursuant to the MWHL.

## COUNT III
## CLASS ACTION CLAIM FOR FAILURE TO PAY OVERTIME
## UNDER MARYLAND WAGE PAYMENT AND COLLECTION LAW

40. Plaintiff hereby re-alleges and incorporates each of the preceding paragraphs as if fully set-forth herein.

41. Plaintiff and the Putative Plaintiffs are entitled to compensation for time spent otherwise committed to and on behalf of Defendants.

42. Defendants have not paid Plaintiff and the Putative Plaintiffs their full wages as is mandated by the MWPCL.

43. Defendants' violation of the MWPCL is willful.

44. Plaintiff and the Putative Plaintiffs have suffered pecuniary losses and are entitled to full recovery under the MWPCL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court render judgment in his favor on all counts, and also grant him and each Putative Plaintiffs class-wide relief, as follows:

1. Issue a notice of opt-in rights to the unnamed plaintiffs and manage the opt-in proceedings as a collective action pursuant to 29 U.S.C. §216(b);

2. Order that this action proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

3. Issue a declaratory judgment that Plaintiff, and the Putative Plaintiffs, are entitled to additional compensation pursuant to the FLSA;

4. Issue a declaratory judgment that Plaintiff, and the Putative Plaintiffs, were harmed by Defendants' violations of the FLSA;

5. Award Plaintiff, and the Putative Plaintiffs, compensation in an amount consistent with their entitlement under the FLSA;

6. Award Plaintiff, and the Putative Plaintiffs, additional compensation in the form of FLSA-mandated liquidated damages;

7. Award Plaintiff, and the Putative Plaintiffs, the cost of these proceedings and reasonable attorneys' fees as mandated by the FLSA;

8. Issue a declaratory judgment that Plaintiff, and the Putative Plaintiffs, are entitled to additional compensation under the MWHL;

9. Issue a declaratory judgment that Plaintiff, and the Putative Plaintiffs, were harmed by Defendants' violations of the MWHL;

10. Award Plaintiff, and the Putative Plaintiffs, compensation in an amount consistent with their entitlement under the MWHL;

11. Award Plaintiff, and the Putative Plaintiffs, additional compensation in the form of MWHL-mandated liquidated damages;

12. Award Plaintiff, and the Putative Plaintiffs, the cost of these proceedings and reasonable attorneys' fees as mandated by the MWHL;

13. Issue a declaratory judgment that Plaintiff, and the Putative Plaintiffs, are entitled to additional compensation pursuant to the MWPCL;

14. Issue a declaratory judgment that Plaintiff, and the Putative Plaintiffs, were harmed by Defendants' violations of the MWPCL;

15. Award Plaintiff, and the Putative Plaintiffs, compensation in an amount consistent with their entitlement under the MWPCL;

16. Award Plaintiff, and the Putative Plaintiffs, additional compensation in the form of MWPCL-mandated liquidated damages;

17. Award Plaintiff, and the Putative Plaintiffs, the cost of these proceedings and reasonable attorneys' fees as mandated by the MWPCL;

18. Award Plaintiff, and the Putative Plaintiffs, additional compensation in the form of MWPCL-mandated treble damages;

19. Award Plaintiff, and the Putative Plaintiffs, any amounts necessary to compensate them for breach of contract;

20. Award Plaintiff, and the Putative Plaintiffs, any amounts necessary to compensate them for Defendants' unjust enrichment;

21. Award Plaintiff, and the Putative Plaintiffs, pre-and post-judgment interest and court costs as further allowed by law and equity;

22. Acknowledge that Plaintiff has exercised his rights under §216 (b) to opt-in to the class upon its being defined by the Court; and

23. Grant any further relief as this Court may deem just and proper in the interest of justice.

## JURY TRIAL DEMANDED

Plaintiffs request a trial by jury on all matters so triable.



/s/

Allan E. Feldman, Esq., # 17092

Respectfully submitted,

| | |
|---|---|
| Dated: November 16, 2009 |      /s/                     |

Michael J. Snider, Esq. #24695
Allan E. Feldman, Esq. #17092
Snider & Associates, LLC
104 Church Lane, Suite 100
Baltimore, Maryland 21209
410-653-9060 phone
410-653-9061 fax

    /s/
Andreas N. Akaras, Esquire #14290
The Akaras Law Offices
4423 Lehigh Road, #308
College Park, MD 20740
Telephone: (301) 864-7763
Facsimile: (866) 838-5556

    /s/
Gary E. Mason, Esquire #
Nicholas A. Migliaccio, Esquire # 29077
Mason L.L.P.
1625 Massachusetts Avenue, NW, Suite 605
Washington, D.C. 20038
Telephone:  (202) 429-2290
Facsimile:   (202) 429-2294

Attorneys For Plaintiff