IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRYANT ROBERTS              *
                            *
        v.                  *
                            *   Civil No. JFM-09-1539
                            *
COMCAST CORPORATION,        *
ET AL.                      *
                        *****

MEMORANDUM

Comcast Cable Communications Management LLC has filed a motion for entry of judgment with prejudice. The motion will be granted.

Plaintiff initially instituted this action under the Fair Labor Standards Act and Maryland law against Comcast and plaintiff's direct employer, Vitel Communications LLC. Plaintiffs sought to institute a collective action under the FLSA and a Rule 23 class action as to the Maryland state law claims. Subsequently, plaintiff filed a motion to consolidate this action with a similar action (in which the plaintiff was represented by the same counsel as plaintiff is in this action). Comcast opposed the motion and plaintiff subsequently withdrew it without explanation. In the interim Comcast filed an answer to the complaint and a cross claim against Vitel.

Approximately five months after the complaint had been filed, plaintiff filed an amended complaint against Vitel and JNET, described in the amended complaint as "a certified Minority, Woman, Disabled Veteran Business Enterprise" that allegedly "directed, controlled, and managed" Vitel's human resources' policies and payroll practices. Comcast was not named as a

1

defendant in the amended complaint.

Comcast contends, and plaintiff does not dispute, that the filing of an amended complaint dropping Comcast as a defendant is to be treated as a motion to dismiss the dropped defendant under Fed. R. Civ. P. 41(a)(2). *See AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1526 (10th Cir. 1997); *Dede-K Enters, Inc. v. Heveafil SDN, BHD*, 177 F.R.D. 351, 355-6 (E.D. Va. 1998); 8 *Moore's Fed. Practice*, § 41.40[4][a] (Matthew Bender 3d ed.).

When considering a voluntary dismissal under Rule 41(a)(2), under Fourth Circuit law courts "must focus upon merely on protecting the interest of the defendant." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). Various factors here dictate that in exercising its discretion under Rule 41(a)(2), this court should dismiss the action with prejudice, rather than without prejudice. First, the action has been pending for some time, and Comcast has expended costs in defending it, including preparing an opposition to plaintiff's later withdrawn motion to consolidate and its cross claim against Vitel. Second, plaintiff's justification for dismissing Comcast in the amended complaint – that he believed that his claims against Comcast would be tolled by virtue of a national tolling agreement – does not stand up. Counsel for Comcast advised plaintiff's counsel before the amended complaint was filed that Comcast did not agree that a national tolling agreement was in effect. Third, and perhaps most importantly, in the amended complaint plaintiff states that he plans to seek to have this action transferred to New Jersey. Unless plaintiff's claims against Comcast were now dismissed without prejudice, in the event that this action is transferred to New Jersey, Comcast could then be readded to the action without having had an opportunity to argue against the transfer.

A separate order granting Comcast's motion and dismissing plaintiff's claims against it with prejudice is being entered herewith.

\_\_\_/s/_____
J. Frederick Motz
United States District Judge