IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRYANT ROBERTS                             *
                                           *
                                           *
        v.                                 *     Civil No. – JFM-09-1539
                                           *
VITEL COMMUNICATIONS LLC, ET AL.           *
                                       ******

**MEMORANDUM**

Defendants have filed a motion to dismiss for lack of subject matter jurisdiction.  Plaintiff has filed an opposition to the motion, and defendants have filed a reply.  The motion will be granted.

Defendants have made a formal offer of judgment to plaintiff in the amount of $2,000.00.  In their offer of judgment defendants agree that "Plaintiff shall also be entitled to reasonable attorneys' fees, costs, and expenses actually incurred, to which he is entitled by law, to be determined by this Court after the filing of a properly supported fee petition."  Defendants have filed the affidavit of Susanne Schrott, the Vice President of Human Resources for all JNET Communication LLC, setting forth the method by which defendants calculated the amount offered to plaintiff.

Although he has the burden of proving the amount of his claim, plaintiff has not disputed defendants' calculation or demonstrated that he entitled to more damages than that included in the offer of judgment.

Plaintiff asserts claims both under the Fair Labor Standards Act and under comparable Maryland statutes.  No other employee of defendants has "opted-in" as to plaintiff's claims under the FLSA.  Plaintiff has not filed a motion to certify any class as to the state law claims.

1

Against this background it is clear that defendants' offer of judgment moots the case.[1] Unlike the defendants in *Simmons v. United Mortgage and Loan Investment, LLC*, No. 09-2147 (4th Cir. Jan 21, 2011), defendants have made a formal offer of judgment. Moreover, here, unlike in *Simmons*, no other plaintiff opted-in as to the FLSA claims asserted by plaintiff, and plaintiff did not move to certify any class as to his state law claims. Thus, dismissal of the action is appropriate. *See generally Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir. 1986); *Darboe v. Goodwill Industries of Greater NY and Northern NY, Inc.*, 485 F.Supp. 2nd 221, 223 EDNY (2007); *Clark v. State Farm Mut. Auto. Ins. Co.*, 590 F.3d 1134 (10th Cir. 2009); *Brown v. Philadelphia Hous. Auth.*, 350 F.3d 338, 343 (3d Cir. 2003); *Booth v. Prince George's County, Maryland*, 666 F.R.D. 466, 476 (D. Md. 1975).

A separate order dismissing this action is being entered herewith.

Date:   February 10, 2011            /s/
                                     J. Frederick Motz
                                     United States District Judge

---

[1] Plaintiff originally opposed the motion on the ground that this court lacks subject matter jurisdiction because plaintiff had filed an appeal of an earlier ruling made by this court dismissing with prejudice claims asserted by plaintiff against Comcast Cable Communications Management LLC. The order entered by this court as to Comcast was not a final judgment, and in a letter to the parties dated October 22, 2010, this court indicated that plaintiff's contention that the court does not have jurisdiction was without merit. That issue has subsequently been mooted by virtue of the fact that the Fourth Circuit has itself dismissed the appeal filed by plaintiff.